**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 19-20215-CR-SCOLA/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ARMANDO LORENZO,

    Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

This matter is before the Court on Armando Lorenzo's ("Defendant") motion for a bill of particulars against the United States of America (the "Government"). [D.E. 34]. The Government responded to Defendant's motion on July 5, 2019 [D.E. 41] to which Defendant did not reply and the time to do so has now passed. Therefore, Defendant's motion is ripe for disposition. After careful consideration of the motion, response, relevant authority, and for the reasons discussed below, Defendant's motion is **DENIED**.[1]

### *I. BACKGROUND*

On May 23, 2019, a grand jury in the Southern District of Florida returned a superseding indictment charging Defendant with participating in a conspiracy to

---

[1] On June 27, 2019, the Honorable Robert N. Scola referred Defendant's motion to the undersigned Magistrate Judge for disposition. [D.E. 35].

1

commit health care fraud and wire fraud, in violation of 18 U.S.C. §§ 1343, 1349, and 1347. On June 5, 2019, Defendant was arraigned [D.E. 27] and on June 12, 2019, the Government served discovery on Defendant's counsel. On June 26, 2019, Defendant filed a motion for a bill of particulars and included eight requests for more specific information. [D.E. 34]. Two requests are for information about co-conspirators, three are targeted at Medicare beneficiaries, and the last three seek information on claims submitted to the Medicare Part D program.

## II. APPLICABLE PRINCIPLES AND LAW

Under Federal Rule of Criminal Procedure 7(f), the Court, in its discretion, may direct the Government to file a bill of particulars. A bill of particulars "inform[s] the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985) (citations omitted). It may not, however, be used to seek generalized discovery. *See United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985) (citation omitted). Instead, the purpose of a bill of particulars is to "supplement[ ] an indictment by providing the defendant with information *necessary* for trial preparation." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (emphasis in original).

If a bill of particulars was used to serve as a wholesale discovery device, it would frustrate the federal discovery rule. Rule 16(b)(2) of the Federal Rules of

2

Criminal Procedure states that the rule "does not authorize the discovery or inspection of . . . statements made . . . by government . . . witnesses, or by prospective government . . . witnesses." Fed. R. Crim. P. 16(b)(2). A defendant who desires a list of government witnesses-or unindicted co-conspirators could thus bypass the Rule 16(b) restriction on discovery by asking for and receiving a bill of particulars pursuant to Fed. R. Crim. P. 7(f), which simply provides that the court may direct the filing of a bill of particulars. Because a criminal defendant has no right to obtain a list of witnesses by simply calling his request a "bill of particulars," *United States v. Pena,* 542 F.2d 292, 294 (5th Cir.1976), a bill of particulars is not automatically accorded the status of a supplement to an indictment.

### III.  ANALYSIS

Defendant's motion is unpersuasive for at least two important reasons. First, Defendant's motion is untimely. Defendant was arraigned on June 5, 2019 [D.E. 27], and his motion was not filed until twenty-one days later on June 26, 2019. [D.E. 34]. Defendant violated Federal Rule of Criminal Procedure 7(f) because a "defendant may move for a bill of particular before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). In this case, Defendant's motion is seven days late and he does not provide any reason for the delay, much less offer any "'factual circumstances to indicate good cause for extending the 14-day limit of Rule 7(f).'" *United States v. Hinton*, 2014 WL 12690115, at *3 (M.D. Ga. Apr. 15, 2014) (quoting *United States v. McKay*, 70 F.

3

Supp. 2d 208, 211 (E.D.N.Y. 1999)). Because Defendant failed to file a reply or present any argument to explain his reasons for his untimely motion, we have no choice but to conclude that his motion for a bill of particulars must be **DENIED**.

Even if the motion was timely, Defendant is not entitled to a bill of particulars. "The purpose of a true bill of particulars is threefold: to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (citations omitted). "Generalized discovery, however, is not an appropriate function of a bill of particulars and is not a proper purpose in seeking the bill." *Id.* (citation omitted).

Here, the Government has complied with the Standing Discovery Order in this case [D.E. 27] and has provided Defendant with ample discovery to prepare for his defense at trial. Defendant complains that he needs the names of his co-conspirators and specifically those who were recruited and paid kickbacks in exchange for referring Medicare beneficiaries to a pharmacy. But, the Government already produced reports that include the names of several co-conspirators and their expected testimony at trial, including Defendant's alleged participation in the conspiracy. It is therefore unclear what additional information Defendant seeks or how the information already produced falls short of the items he needs to prepare for his defense.

Defendant then requests that the Government produce information on "the date, place, form of payment and amount" that he and his co-conspirators paid in exchange for referring Medicare beneficiaries. [D.E. 34]. Defendant's request is unpersuasive because "[a] bill of particulars may not be used to compel the government to provide the essential facts regarding the existence and formation of a conspiracy. Nor is the government required to provide defendants with all overt acts that might be proven at trial." *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986) (citing *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir.1978)). So long as there were acts in furtherance of the conspiracy that occurred during the time frame in the superseding indictment and the discovery produced includes evidence of Defendant's participation in the alleged conspiracy, Defendant's request falls outside the scope of a motion for a bill of particulars.

The remainder of Defendant's requests seek information on the Medicare beneficiaries who submitted false claims to the Medicare Part D program. Defendant's requests miss the mark, however, because the discovery produced already includes interview reports of beneficiaries who were used in the alleged scheme. And Defendant fails to show how any of the additional information he seeks is relevant considering that the superseding indictment merely charges Defendant with a conspiracy – not any other substantive causes of action. Because the Government has already disclosed substantial information and Defendant is

5

otherwise not entitled to the information he seeks (because it falls outside the scope a bill of particulars), Defendant's motion is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's motion for a bill of particulars [D.E. 34] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 16th day of July, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge